## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DANIEL SWEENEY,

      Plaintiff,

    v.                                                                      Case No.:  6:25-cv-01833-CEM-LHP

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant,

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Daniel Sweeney ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits.  Doc. No. 1.  Claimant raises two assignments of error regarding the Commissioner's final decision, and based on his arguments, requests that the matter be reversed, or alternatively, remanded for further administrative proceedings before a different Administrative Law Judge ("ALJ").  Doc. Nos. 16, 20. The Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed.  Doc. No. 19.  For the reasons discussed herein, it is **RESPECTFULLY RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

-1-

## I.    PROCEDURAL HISTORY.

On February 15, 2023, Claimant filed an application for disability insurance benefits, alleging that he became disabled on October 26, 2022.  R. 17, 63, 187–90.[1] His claim was denied initially and on reconsideration, and Claimant requested a hearing before an ALJ.  R. 86–89, 93–95, 97–98.  A hearing was held before the ALJ on February 20, 2025, at which Claimant appeared with an attorney.  R. 31–57. Claimant and a vocational expert ("VE") testified at the hearing.  *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled. R. 14–30.  Claimant sought review of the ALJ's decision by the Appeals Council.  R. 181–83, 304–06. On August 6, 2025, the Appeals Council denied the request for review.  R. 1–6.  Claimant now seeks review of the final decision of the Commissioner by this Court.  Doc. No. 1.

---

[1] The transcript of the administrative proceedings is available at Doc. No. 12, and will be cited as "R. ___."  In the transcript, the "Application Summary for Disability Insurance Benefits" states that Claimant applied for benefits on February 16, 2023, but according to the ALJ's decision and other application documents, Claimant filed the application on February 15, 2023. *Compare* R. 17, 63, *with* R. 187.  Because this discrepancy has no bearing on this appeal, the undersigned utilizes the application date stated by the ALJ: February 15, 2023.

## II.    THE ALJ'S DECISION.[2]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).  R. 17–26.[3]  The ALJ first found that Claimant meets the insured status requirements of the Social Security Act through December 31, 2027.  R. 19.  The ALJ also found that Claimant had not engaged in substantial gainful activity since October 26, 2022, the alleged disability onset date.  *Id.*  The ALJ found that Claimant suffered from the severe impairment of bilateral knee degenerative joint disease status post surgical intervention.  *Id.*[4]  However, the ALJ determined that Claimant did not have an

---

[2] Upon a review of the record, the undersigned finds that counsel for the parties have adequately stated the pertinent facts of record in their briefing.  Doc. Nos. 16, 19–20.  Accordingly, the undersigned adopts those facts referenced and only restates them herein as relevant to considering the issues raised by Claimant.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

[4] The ALJ determined that Claimant's hearing loss, diverticulitis, colon polyps, hemorrhoids, and obesity were non-severe impairments.  R. 19–20.

impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  R. 20.

After consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform medium work as defined in the Social Security regulations,[5] except Claimant "can frequently climb ramps and stairs; can occasionally climb ladders, ropes, and scaffolds; can frequently balance on level surfaces; can frequently stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to extreme cold and heat."  *Id.*  The ALJ concluded that Claimant was unable to perform past relevant work as a Construction Worker II, as that was classified as a very heavy, SVP 2 occupation.  R. 24–25.  However, considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Claimant could perform, representative occupations to include Hand Packager, Floor Waxer, and Cleaner, Industrial.  R. 25.  Accordingly, the ALJ concluded that Claimant was not under a disability, as defined in the Social Security Act, since the alleged disability onset date of October 26, 2022, through the date of the decision.  R. 26.

---

[5] Pursuant to the Social Security regulations, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, [the SSA] determine[s] that he or she can also do medium, light, and sedentary work."  20 C.F.R. § 404.1567(c).

## III.    STANDARD OF REVIEW.

The Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).  The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam).  The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   ANALYSIS.

Claimant raises two assignments of error in this appeal: (1) the ALJ failed to properly evaluate the medical opinion evidence of record in assessing Claimant's RFC, specifically the opinion of Dr. Myredsi Soto-Valera, Claimant's treating physician; and (2) the ALJ improperly evaluated Claimant's subjective complaints of pain.  Doc. No. 16; *see also* Doc. No. 20.  The Commissioner has responded in opposition.  Doc. No. 19.

### A.   Dr. Myredsi Soto-Valera.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded on other grounds by* 20 C.F.R. § 404.1520c, 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a(4))(i)–(v)).  The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440 (citing 20 CFR § 404.1545(a)).  In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the opinions of medical and non-medical sources.  20 CFR § 404.1545(a)(3).

Claimant filed his application for disability insurance benefits on February 15, 2023.  R. 17, 63, 187–90.  Effective March 27, 2017, the Social Security Administration implemented new regulations related to the evaluation of medical opinions, which provide, in pertinent part, as follows:

(a) How we consider medical opinions and prior administrative medical findings.  We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.  When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate.[6]  The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section).  We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. § 404.1520c(a).  The regulations further state that because supportability and consistency are the most important factors under consideration, the Commissioner "will explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the] determination or decision."  *Id.* § 404.1520c(b)(2).[7]

---

[6] Subparagraph (c) provides that the factors to be considered include:  (1) supportability; (2) consistency; (3) relationship with the claimant (which includes consideration of the length of treatment relationship; frequency of examination; purpose of treatment relationship; extent of treatment relationship; and examining relationship); (4) specialization; and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding.  20 C.F.R. § 404.1520c(c).

[7] "Supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record."  *Welch v. Comm'r of Soc. Sec.*, No. 6:20-cv-1256-DCI, 2021 WL 5163228, at *2 (M.D. Fla. Nov. 5, 2021) (footnote omitted) (citing 20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2)).

Here, Claimant challenges the ALJ's consideration of the opinions of Dr. Myredsi Soto-Valera, a family practice physician. Doc. No. 16, at 10–15; *see also* Doc. No. 20. On December 2, 2024, Dr. Soto-Valera completed a Disability Questionnaire regarding Claimant, in which Dr. Soto-Valera opines on restrictions imposed by Claimant's knee-related impairment. R. 804–10 (Exhibit 13F). Among other things, Dr. Soto-Valera opined that in an 8-hour workday, Claimant could only sit for 2 hours; stand/walk 1 hour; occasionally lift or carry 5–10 pounds; would need to change sitting/standing positions every hour; that Claimant had significant lifting limitations, as Claimant "cannot do heavy lifting squatting secondary to knee replacement/knee pain;" and Claimant was unable to kneel and was limited in his ability to bend. R. 806–10. Dr. Soto-Valera opined that Claimant had good and bad days, and he would be absent from work as a result of his impairment more than 3 times per month. R. 809. Dr. Soto-Valera noted that Claimant was on no medications besides Tylenol. R. 808.

In the decision, the ALJ stated as follows with regard to Dr. Soto-Valera:

Myredsi Soto-Valera, M.D., opined that the claimant opined that the claimant is limited to sitting for two hours in an eight-hour workday; standing and/or walking for one hour in an eight-hour workday; occasional lifting and carrying 10 pounds; he needs to alternate positions for five to 10 minutes an hour; he cannot do heavy lifting; he can never kneel; he can tolerate moderate stress; and he would miss work more than three times a month. In treatment notes, Dr. Soto-Valera opined that the claimant is unable to work (Exs. 12F at 4, 13F).

-8-

> Dr. Soto-Valera's opinion is unpersuasive because it is inconsistent with the objective medical evidence.  The objective medical evidence indicates the claimant's symptoms improved and stabilized with treatment.  He had normal strength and sensation at the consultative evaluation (Ex. 10F).  He does not require an assistive device to walk.  He is independent with daily activities.  He exercises.  He can drive.  The claimant experiences some limitations due to his severe impairments, but his limitations would not preclude medium work.  Dr. Soto-Valera's opinion is also unpersuasive because it is not supported by the objective medical evidence.  His treatment notes indicate the claimant did well following his knee surgeries (Ex. 12F).  The claimant is not disabled.

R. 24.

Claimant does not argue that the ALJ failed to wholly address either the supportability or consistency of Dr. Soto-Valera's opinions as required by the Social Security regulations.  Instead, Claimant argues that the ALJ failed to properly conduct such analysis because: (1) to the extent that the ALJ found inconsistency with the objective evidence, "the ALJ does not identify the objective findings with any specificity"; (2) the ALJ substituted her opinion for that of Dr. Soto-Valera's in noting that Claimant had normal strength and sensation at a consultative examination; (3) Claimant's activities of daily living are not consistent with an ability to perform full-time medium exertional work; and (4) the ALJ cherry-picked evidence in stating that Claimant did well following his knees surgeries.  Doc. No. 16, at 11–15; Doc. No. 20, at 2–3.  The Commissioner, on the other hand, argues that the ALJ conducted the proper analysis, and in essence, Claimant invites the Court to reweigh the evidence.  Doc. No. 19, at 3–6.

Upon consideration, the undersigned finds the ALJ's decision sufficient to comply with the applicable regulations. The ALJ discussed both the consistency and supportability factors as required by the applicable regulations. As to consistency, the ALJ found Dr. Soto-Valera's opinions inconsistent with other evidence of record, to include objective medical evidence indicating that Claimant's symptoms improved/stabilized with treatment, normal strength and sensation upon examination, and the lack of necessity for an assistive device, as well as Claimant's daily activities. R. 24. As to supportability, the ALJ pointed to Dr. Soto-Valera's treatment notes indicating that Claimant did well following his knee surgeries. *Id.*

While the ALJ's analysis may not have been as robust as it could have been, Claimant has pointed to no requirement that the ALJ do more. *See, e.g.*, *Lugo v. Comm'r of Soc. Sec.*, No. 6:22-cv-809-MAP, 2023 WL 2910831, at *4 (M.D. Fla. Apr. 12, 2023) ("[T]he ALJ found Dr. Adaralegbe's opinion unsupported by his own examination findings and inconsistent with other record evidence, and she provided support (albeit brief) for her findings. This analysis complies with the new regulations." (citations omitted)); *Irwin v. Comm'r of Soc. Sec.*, No. 2:20-cv-230-MRM, 2021 WL 4077586, at *7 (M.D. Fla. Sept. 8, 2021) ("[N]othing in the relevant regulations requires ALJs to apply an all-or-nothing approach when assessing a medical source's opinions. Instead, the ALJ's RFC determination must merely be

supported by substantial evidence." (citations omitted)); *see also Robinson v. Comm'r of Soc. Sec.*, No. 5:22-cv-18-MAP, 2023 WL 2473427, at \*5 (M.D. Fla. Mar. 13, 2023) "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019))).

Claimant's arguments to the contrary are unpersuasive. To the extent that Claimant argues that the ALJ fails to identify objective evidence with specificity, Doc. No. 16, at 11, the ALJ points to (1) objective medical evidence that Claimant's symptoms improved and stabilized with treatment; (2) a consultative examination finding that Claimant had normal strength and sensation (Exhibit 10F), (3) that Claimant did not require an assistive device to walk, and (4) Claimant's activities of daily living, such as driving and exercise. R. 24. While the ALJ did not provide specific citations to exhibits for a few of these findings, it matters not, as it is apparent from the preceding paragraphs in the decision what the ALJ is referencing. *See* R. 21–22 (discussing Claimant's surgeries, progress with physical therapy, Claimant doing well post surgery, Dr. Butler's August 2024 consultative examination, Claimant's "on and off knee pain," Claimant regularly going to the gym, and Claimant not using an assistive device during consultative examination). *See, e.g.*, *Gutierrez v. Comm'r of Soc. Sec.*, No. 2:23-cv-78-NPM, 2024 WL 1270488, at \*5 (M.D. Fla. Mar. 26, 2024) ("An ALJ's opinion is not required to take any specific

form.  Indeed, it matters not whether the ALJ names particular items in the record while evaluating a medical opinion so long as they are discussed elsewhere in the decision.") (collecting cases).[8]

Next, Claimant argues that the ALJ substituted her opinion for that of Dr. Soto-Valera's in noting that Claimant had normal strength and sensation at a consultative examination and that Claimant did not require an assistive device to walk.  Doc. No. 16, at 12.  This argument is unpersuasive too.  The record cited by the ALJ for this statement, Exhibit 10F, states exactly as the ALJ said. *See* R. 647–48 (noting normal 5/5 neuromuscular findings as to both upper and lower extremities, and normal station without an assistive device).   Thus, Claimant has not shown that the ALJ was substituting her lay opinion for that of a medical professional.  *Cf. Barchard v. Colvin*, No. 8:13-cv-1530-T-PAZ, 2014 WL 11411860, at *6 (M.D. Fla. Oct. 21, 2014), *aff'd sub nom. Barchard v. Comm'r of Soc. Sec.*, 628 F. App'x 685 (11th Cir. 2015) ("[T]he ALJ discounted the Plaintiff's credibility based on the observations of the consultative examiner and not because of his lay observations.").[9]

---

[8] For these reasons, the Court finds unpersuasive Claimant's reliance on *Sosa v. Kijakazi*, No. 8:20-cv-1360-SPF, 2022 WL 420755, at *7 (M.D. Fla. Feb. 11, 2022), as in that case, the ALJ simply made a general statement regarding consistency without reference to any medical evidence of record.

[9] In his briefing, Claimant does not contest the ALJ's conclusion that he did not require an assistive device to walk.  Doc. Nos. 16, 20.

Claimant also argues that his activities of daily living are not consistent with an ability to perform full-time medium exertional work. Doc. No. 16, at 12–13. But Claimant does not argue that consideration of activities of daily living was an improper consideration for the ALJ in addressing Dr. Soto-Valera's opinions, rather the opposite is true. *See, e.g., Hamrick v. Kijakazi*, No. 8:20-cv-2606-TPB-TGW, 2022 WL 4136605, at *5 (M.D. Fla. Aug. 4, 2022), *report and recommendation adopted*, 2022 WL 4133124 (M.D. Fla. Sept. 12, 2022) (finding it proper for ALJ to consider consistency of medical opinion with the claimant's daily activities, collecting cases). Accordingly, the undersigned also finds this argument unpersuasive.[10]

Finally, Claimant argues that the ALJ cherry-picked evidence in stating that Claimant did well following his knees surgeries. Doc. No. 16, at 14. He points to several records demonstrating swelling, reduced strength, joint line tenderness of the knee, atrophy, tenderness, antalgic gait, muscle pain and weakness, and recommendations for avoiding contact sports and high impact activities. *Id.* (citing R. 430–31, 659, 669 (Exhibits 3F, 11F). But the ALJ cited Exhibit 12F, in which Dr. Soto-Valera's treatment records state that Claimant experienced improvement after

---

[10] In his briefing, Claimant does not argue that the ALJ improperly found that he could perform the stated daily activities, nor that the record does not reflect them. Doc. Nos. 16, 20. Also, in this portion of his briefing, Claimant focuses on case law addressing whether daily activities provide a basis for discrediting a claimant' subjective complaints, rather than as a basis for discounting a medical opinion. Doc. No. 16, at 12–13. The ALJ's analysis with regard to subjective complaints is addressed below.

-13-

knee surgery. *E.g.*, R. 732 ("He is doing much better since he has his knee replacement."); R. 738 ("History of right total knee replacement – He is doing better, he is doing exercise.").

To be sure, "[a]n ALJ may not cherry-pick evidence to support a finding of non-disability." *Poelker v. Comm'r of Soc. Sec.*, No. 2:21-cv-880-JLB-NPM, 2023 WL 6940241, at *2 (M.D. Fla. Mar. 10, 2023). "However, the regulations do not require an exhaustive discussion of the evidence when evaluating the consistency and supportability of an opinion." *Hogan v. Comm'r of Soc. Sec.*, No. 2:22-cv-223-KCD, 2022 WL 17818653, at *4 (M.D. Fla. Dec. 20, 2022) (citing 20 C.F.R. § 416.920c(b)(2)). And it is not enough for Claimant to point to records supporting his allegations of disability, instead, Claimant must show that the ALJ's decision was not based on substantial evidence. *See Vergara v. Comm'r of Soc. Sec.*, No. 22-11671, 2023 WL 5814433, at *3 (11th Cir. Sept. 8, 2023) ("[T]he question before [the Court] is limited to whether the ALJ's decision -- not [a doctor's medical] opinion -- is supported by substantial evidence. That [a medical] opinion might be consistent with some record evidence is not enough to overturn the ALJ's decision.");[11] *Suzor v. Comm'r of Soc. Sec.*, No. 6:23-cv-305-NPM, 2024 WL 1252385, at *5 (M.D. Fla. Mar. 25, 2024) ("A claimant 'must do more than point to evidence in the record that supports [his]

---

[11] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007). *See also* 11th Cir. R. 36-2.

position; [he] must show the absence of substantial evidence supporting the ALJ's conclusion.'" (alterations in original) (quoting *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017))).

In essence, and despite Claimant's protestations to the contrary, Doc. No. 20, at 3, Claimant invites the Court to reweigh the evidence, which the Court may not do. *See, e.g.*, *Malak v. O'Malley*, No. 8:23-cv-667-SPF, 2024 WL 1231317, at *7 (M.D. Fla. Mar. 22, 2024) ("Plaintiff's argument is, in essence, that the ALJ erred because Dr. Saifi's opinion is consistent with Dr. Hanna's treatment notes. Again, Plaintiff misunderstands the scope of this Court's review. The question is not whether there is evidence that would support an alternative consistency finding, or whether there is evidence that is consistent with Dr. Saifi's opinion, but whether the ALJ's consistency finding is supported by substantial evidence."); *see also Frangione v. Comm'r of Soc. Sec.*, No. 6:20-cv-1298-GJK, 2021 WL 9569655, at *5 (M.D. Fla. Sept. 24, 2021) ("[T]here is a fine line between evaluating the decision for 'cherry-picking' and reweighing the evidence.").

For these reasons, the undersigned will respectfully recommend that the Court reject Claimant's first assignment of error. *See generally Hogan*, 2022 WL 17818653, at *6 ("'The substantial evidence threshold is not high and defers to the presiding ALJ, who heard testimony and reviewed the medical evidence.' Given

-15-

this low bar, the Court will affirm." (quoting *Rodriguez v. Berryhill*, 836 F. App'x 797, 803 (11th Cir. 2020)).

        B.      <u>Subjective Complaints of Pain</u>.

A claimant may establish disability through his or her own testimony of pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561–62. The Court will not disturb a clearly articulated finding that is supported by substantial evidence. *Id.* at 1562.

If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain

affects the claimant's daily activities and ability to work.  *Id*. § 404.1529(c)(1)–(3). Factors relevant to the ALJ's consideration regarding a claimant's allegations of pain include:  (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication, the claimant receives for pain; (6) measures used for pain relief; and (7) other factors pertaining to functional limitations and restrictions to pain.  *Id.* § 404.1529(c)(3)(i)–(vii).

Here, the ALJ summarized Claimant's hearing testimony, stated that she also considered Claimant's representative's brief, and discussed the objective medical evidence related to Claimant's knee impairment and treatment related thereto.  R. 21–22.  The ALJ then stated that "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  R. 22.  The ALJ then partially discounted Claimant's subjective complaints for the same reasons that the ALJ discounted the opinions of Dr. Soto-Valera:

> As for the claimant's statements about the intensity, persistence, and
> limiting effects of his symptoms, they are inconsistent because the

> objective medical evidence indicates that the claimant's symptoms improved and stabilized with treatment. He had normal strength and sensation at the consultative evaluation (Ex. 10F). He does not require an assistive device to walk. He is independent with daily activities. He exercises. He can drive. The claimant experiences some limitations due to his severe impairments, but his limitations would not preclude medium work. He is not disabled.

*Id.*

In his briefing, Claimant contends that the ALJ erred in addressing his allegations of disabling symptoms because: (1) the ALJ unduly relied on objective evidence showing symptoms improved or stabilized with treatment; and (2) Claimant's daily activities are not sufficient to undermine his allegations of disabling pain, and the ALJ did not account for the manner in which Claimant may have performed these activities. Doc. No. 16, at 15–17; Doc. No. 20, at 3–4.

Upon review, the undersigned finds Claimant's contentions unpersuasive. It is true, as Claimant argues, that the ALJ may not rely solely on the lack of objective medical evidence to support a claimant's allegations of disabling symptoms in discrediting a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."). However, objective evidence is still one of the proper considerations, among others. *See id.* ("Objective medical evidence . . . is a useful indicator to assist

-18-

us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work. We . . . will consider it in reaching a conclusion as to whether you are disabled.").

Here, the ALJ considered objective medical evidence, to include normal examination findings. R. 22. The ALJ also considered, too, however, that Claimant experienced improvement/stabilization with treatment, did not require an assistive device to walk, his independence in activities of daily living, and the activities of daily living that Claimant could perform, to include exercise and driving. *Id.* Thus, the undersigned does not find error in the ALJ's consideration of objective evidence in addressing Claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(c)(2) (objective medical evidence proper consideration), *id.* § 1529(c)(3)(iv), (v) (effectiveness of medication and treatment proper considerations); *see also Markuske v. Comm'r of Soc. Sec.*, 572 F. App'x 762, 766–67 (11th Cir. 2014) (finding ALJ's discussion of objective medical evidence of record provided "adequate reasons" for ALJ's decision to partially discredit the claimant's subjective complaints); *Harrison v. Comm'r of Soc. Sec.*, 569 F. App'x 874, 879–80 (11th Cir. 2014) (affirming denial of disability benefits where the ALJ found substantial record evidence suggesting that the claimant's functional limitations were not as severe as alleged and where the ALJ found inconsistencies between the claimant's subjective complaints and the

-19-

objective evidence of record); *Spinazzola v. Bisignano*, No. 8:24-cv-2307-AAS, 2025 WL 2371071, at \*6 (M.D. Fla. Aug. 3, 2025) (citing *Dyer*, 395 F.3d at 1211–12 (ALJ properly considered improvement with treatment in assessing subjective complaints of pain).

It is also proper for the ALJ to consider a claimant's activities of daily living in assessing subjective complaints of disabling symptoms, *see* 20 C.F.R. § 404.1529(c)(3)(i), even though, as Claimant argues, not all activities of daily living would necessarily disqualify a claimant from disability, and daily activities are not alone dispositive. *See, e.g.*, *Whitmore v. Soc. Sec. Admin., Comm'r*, No. 20-13757, 2021 WL 1961926, at \*3 (11th Cir. May 17, 2021) ("Although a claimant's admission that he participates in daily activities for short durations does not necessarily disqualify the claimant from disability, it is nonetheless proper for an [ALJ] to consider a claimant's daily activities when they are related to the claimant's subjective pain." (citations omitted)). Here, however, Claimant alleges disability due to his knee impairment, *e.g.*, R. 63, 299, which could reasonably be viewed as inconsistent with the daily activities cited by the ALJ, to include that Claimant was independent with daily activities, he exercised, and he could drive, R. 22. *See, e.g.*, *Whitmore*, 2021 WL 1961926, at \*3 ("Here, the daily activities that the administrative law judge considered—light housework, some driving, meal prep, personal care—were directly related to the type of pain [the claimant] described. That [the claimant]

-20-

could perform these activities supports the Commissioner's determination that [the claimant's] heel, knee, and back pain were not disabling." (citations omitted)); *see also Solomon v. Comm'r, Soc. Sec. Admin.*, 532 F. App'x 837, 840 (11th Cir. 2013) (finding that the claimant was not taking prescription pain medication and that "he was still able to take his boat out on several occasions" undermined subjective complaints of knee pain); *Carr v. Comm'r of Soc. Sec.*, No. 22-12989, 2024 WL 94149, at *3 (11th Cir. Jan. 9, 2024) ("[T]he ALJ's characterization of Carr's testimony about his daily activities was supported by evidence in the record, even if Carr does not believe it is the most favorable characterization. Because there is substantial evidence from which the ALJ could find that Carr's daily activities were not consistent with his claimed symptoms, the ALJ did not err.").[12]

---

[12] Claimant does not dispute that he engaged in the daily activities identified by the ALJ, instead arguing that the ALJ failed to account for the manner in which Claimant performed said activities, and that the daily activities were not necessarily consistent with the ability to perform medium work. Doc. No. 16, at 17; *see also id.* at 12–13. Claimant does not, however, expand on what he means by "the manner in which [he] performed" the activities, *id.* at 17, and, in any event, the ALJ did not solely consider Claimant's daily activities in addressing his subjective complaints. *See, e.g.*, *Chatham v. Comm'r of Soc. Sec.*, 764 F. App'x 864, 869 (11th Cir. 2019) ("Though a claimant's testimony on her daily tasks cannot alone support a finding on the third *Wilson v. Barnhart* prong, Chatham cites no evidence of daily tasks that she struggled with, and in any event, the ALJ did not support her decision only with this testimony."). The undersigned finds Claimant's reliance on *Denis v. Colvin*, No. 12-81018-CIV, 2013 WL 12131879 (S.D. Fla. July 31, 2013), unpersuasive on this point, as *Denis* concerned mental impairments, and the ALJ's failure to consider that a claimant's participation in volunteer work was limited. Doc. No. 16, at 17; *see Denis*, 2013 WL 12131879, at *3.

In addressing subjective complaints, "[t]he question is not . . . whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r, of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011); *see also Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015) ("It is 'solely the province of the [Commissioner]' to resolve conflicts in the evidence and assess the credibility of witnesses." (alteration in original) (quoting *Grant v. Richardson*, 445 F.2d 656, 656 (5th Cir. 1971))). And here, the ALJ provided good cause reasons for only partially crediting Claimant's subjective complaints. R. 22. *See Raymond v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 766, 778 (11th Cir. 2019) (finding ALJ did not err in assessing claimant's credibility, and noting that the "inquiry is whether the ALJ pointed to sufficient relevant evidence such that a reasonable person would accept the ALJ adequately supported her conclusion." (citing *Lewis*, 125 F.3d at 1440)); *see also Costa v. Comm'r of Soc. Sec.*, 593 F. Supp. 3d 1145, 1148–49 (M.D. Fla. 2022) ("[T]he objective evidence and Plaintiff's activities of daily living are inconsistent with her alleged difficulty standing and walking for extended periods and provide substantial evidence supporting the ALJ's findings. At most, Plaintiff points to isolated records, that she claims support greater limitations. However, on appeal, the issue is not whether some evidence might support Plaintiff's allegations or even whether the evidence preponderates

against the ALJ's decision, but rather, the issue is whether substantial evidence supports the ALJ's findings." (citations omitted)).

Accordingly, because the ALJ provided adequate reasons for not fully crediting Claimant's subjective complaints of pain, the undersigned respectfully recommends that the Court reject Claimant's second assignment of error.

## V.    RECOMMENDATION.

Upon    consideration    of    the    foregoing,    it    is    **RESPECTFULLY RECOMMENDED** that the Court **AFFIRM** the final decision of the Commissioner. It is further **RECOMMENDED** that the Court direct the Clerk of Court to issue a judgment consistent with its Order on this Report and Recommendation and, thereafter, to close the file.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 18, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record